IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PEGGY BROWN, | ) |
| Plaintiff, | ) No. _____ |
| v. | ) JURY DEMAND |
| ELECTROLUX HOME PRODUCTS, INC., | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Peggy Brown, by and through undersigned counsel, and for her complaint against the Defendant, Electrolux Home Products, Inc., states as follows:

### NATURE OF THE CASE

1. This is a lawsuit brought by the Plaintiff, Peggy Brown, seeking permanent relief from unlawful discriminatory and retaliatory practices committed against her by the Defendant. The Plaintiff has been affected by age and disability discrimination and retaliation as set forth in her claims below.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to the following statutes:

    a) 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

    b) 28 U.S.C. § 1343 (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government;

    c) 28 U.S.C. § 1367, which gives the district court supplemental jurisdiction over state law claims.

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that gave rise to this Complaint occurred in this district.

## PARTIES

4. Plaintiff Peggy Brown (hereinafter referred to as "Plaintiff" or "Ms. Brown") is a citizen of the United States of America and of the County of Robertson, Tennessee and was employed in the Nashville Division of the Middle District of Tennessee.

5. Defendant Electrolux is a manufacturer of kitchen and laundry appliances, with a site located in the Nashville Division of the Middle District of Tennessee.

6. Defendant is an employer within the meaning of the ADA, as Defendant maintains over fifty (50) employees within seventy-five (75) miles of its facility located in Springfield, Tennessee.

## ADMINISTRATIVE PROCEDURES

7. Within 180 days of learning of the acts of discrimination of which she complains, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"). Plaintiff's EEOC Charge No. 494-2018-01539, filed on April 3, 2018, is incorporated into this Complaint as Exhibit A.

8. Plaintiff received an EEOC Notice of Right to Sue dated May 2, 2018. A copy of Plaintiff's Notice of Right to Sue is incorporated into this Complaint as Exhibit B.

9. This lawsuit was commenced within 90 days of Plaintiff's receipt of her EEOC Notice of Right to Sue.

## STATEMENT OF FACTS

10. In 2005, Ms. Brown began her employment with Electrolux at its Springfield, Tennessee location.

11. Ms. Brown suffers from pulmonary fibrosis and arthritis.

12. In or about 2016, Ms. Brown requested certain reasonable accommodations related to her position as Cycle Counter Supervisor due to her

physical impairments and the restrictions placed on her by her medical doctor (which included the climbing of stairs following a knee replacement).

13. To accommodate her disability (by limiting the use of stairs), Defendant moved Ms. Brown into the position of Direct Ship Clerical, for which Ms. Brown voluntarily took a significant reduction in pay.

14. In September 2017, Ms. Brown began an eight (8) week leave under the Family and Medical Leave Act, with a scheduled return date of November 13, 2017.

15. Ms. Brown worked more than one thousand two hundred and fifty (1,250) hours in the twelve (12) months preceding her need for Family and Medical Leave Act leave for a non-workplace injury.

16. On or about October 20, 2017, Ms. Brown contacted Electrolux by telephone to determine whether she would be permitted to use an oxygen concentrator on the premises, per her medical doctor's treatment plan.

17. During that phone call, a member of Human Resources informed Ms. Brown that she was unsure whether the use of oxygen was permissible, but that she would find out.

18. On or about October 29, 2017, Ms. Brown text messaged her supervisor, Megan Stanton ("Ms. Stanton"), to inform Ms. Stanton that she had been cleared by her doctor to return to work on November 13, 2017 and to obtain the

schedule for her return; in turn, Ms. Stanton responded that she would let Ms. Brown know.

19. On or about November 3, 2017, a Human Resources employee contacted Ms. Brown informing her that her position as Direct Ship Clerical had been eliminated; further, the Human Resources employee invited Ms. Brown to apply for two (2) other positions within Electrolux.

20. Ms. Brown informed the Human Resources employee that she was not qualified for one position, which required a fork lift license, and could not perform the other position (Scheduler), which she held previously and had to be moved from due to her disability (arthritis).

21. The Human Resources employee responded that it sounded as if Ms. Brown was not ready to return to work, which Ms. Brown refuted.

22. Ms. Brown again spoke with Electrolux regarding the ability to interview for the Scheduler position upon her return so as to not be terminated; in that conversation, Ms. Brown informed Electrolux that she would be able to perform the Scheduler position with the use of oxygen.

23. Electrolux informed Ms. Brown that oxygen was not permitted on the premises and did not invite Ms. Brown to apply for any other available position.

24. Ms. Brown, thus, never was returned to her position, or an equivalent position, with Electrolux, and has been without employment since.

25. Ms. Brown, was sixty-one (61) years old at the time of her separation of employment from Electrolux.

26. Upon information and belief, Ms. Brown's supervisor, Ms. Stanton, was under the age of forty (40) years old and had previously targeted employees in Ms. Brown's protected age class with both write-ups and terminations.

27. Based upon the aforementioned actions and/or omissions by the Defendant, Ms. Brown was discriminated against based upon her age and in violation of the Age Discrimination in Employment Act.

28. Based upon the aforementioned actions and/or omissions by the Defendant, Ms. Brown was also discriminated against because of her disability (related to pulmonary fibrosis and arthritis), including, but not limited to, the failure to make reasonable accommodations and the termination and/or constructive discharge of her position (with those actions and/or omissions taking place within 180 days of the filing of her EEOC Charge) in violation of the Americans with Disabilities Act.

29. Ms. Brown's rights under the Family and Medical Leave Act also have been violated by Defendant failing to reinstate Ms. Brown into her position, or an equivalent position, upon Ms. Brown's return from leave.

30. Electrolux effectively terminated Ms. Brown for engaging in her rights provided under the Family and Medical Leave Act.

# COUNT I
## (DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT)

31. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 30 above as if set forth in full herein.

32. At all times material hereto, Plaintiff was an employee of Defendant, covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA), 42 USC 12111(5)(a).

33. At all times material hereto, Plaintiff was and is an individual with a disability within the meaning of §3(2) of the ADA, 42 USC 12102(2).

34. Plaintiff is a qualified individual with a disability as that term is defined in the ADA, 42 USC 12111(8).

35. Plaintiff's arthritis and pulmonary fibrosis are physical impairments that substantially limit one or more major life activities.

36. Plaintiff has a record of a physical impairment that substantially limits one or more major life activities.

37. Defendant was aware of Plaintiff's arthritis and medical need for oxygen related to her pulmonary fibrosis.

38. Defendant regarded Plaintiff's arthritis as a physical impairment that substantially limited one or more major life activities.

39. Plaintiff's disability, and/or record of a disability, and/or perceived

7

disability was a factor that made a difference in Defendant's decision to allegedly eliminate her position and then terminate her employment.

40. Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant's decision not to place her in another, equivalent position.

41. Defendant was predisposed to discriminate on the basis of disability and/or record of a disability and/or perceived disability and acted in accordance with that predisposition.

42. The actions of Defendant were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

43. As a direct and proximate result of Defendant's violation of Plaintiff's rights as alleged, Plaintiff's terms, conditions, and privileges of employment were adversely affected.

44. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

## COUNT II
## (AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA) 29 USC 621)

45. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 44 above as if set forth in full herein.

46. Plaintiff is over the age of forty (40).

47. The Defendant's conduct as alleged above constitutes discrimination based on Age discrimination in violation of ADEA.

48. The stated reason for Ms. Brown's termination was not the true reason, but instead was pretext to hide Defendant's discriminatory animus.

49. Plaintiff seeks declaratory relief, an award of compensatory and punitive damages, mental anguish, costs, attorneys' fees, and any and all such further relief as the trier of fact may assess.

## COUNT III
## (INTERFERENCE IN VIOLATION OF THE FMLA)

50. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 49 above as if set forth in full herein.

51. Defendant was Plaintiff's "employer" as defined by the FMLA.

52. Plaintiff was an eligible employee under the FMLA.

53. Defendant interfered with Plaintiff's rights protected under the Family and Medical Leave Act, 29 USC § 2601, et seq., by, inter alia, failing to restore Ms. Brown to her same, or an equivalent, position.

9

54. As a result of Defendant's interference with Plaintiff's rights under the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

55. Defendant intentionally and willfully retaliated against the Plaintiff when it terminated her after she exercised her rights under the FMLA.

## COUNT IV
## (FMLA RETALIATION)

56. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 55 above as if set forth in full herein

57. Defendant intentionally and willfully retaliated against the Plaintiff when it effectively terminated her after she exercised her rights under the FMLA.

## PRAYER FOR RELIEF

**WHEREFORE**, the foregoing averments considered, Plaintiff demands judgment against the Defendants as follows:

(A) Declaratory judgment that Defendant's employment practices, policies, procedures, conditions and customs are violative of the rights of the Plaintiff as secured by the Americans with Disabilities Act, Family and Medical Leave Act, and Age Discrimination in Employment Act.

(B) Grant the Plaintiff a permanent injunction enjoining the Defendant, their agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the Americans with Disabilities Act, Family and Medical Leave Act, and Age Discrimination in

Employment Act;

(C) Order Defendant to make Plaintiff whole by providing appropriate front pay, back pay and other monetary relief as may be available to her, including damages for her mental and emotional distress, embarrassment, humiliation and trauma.

(D) Award Plaintiff her compensatory and punitive damages under the laws of the Constitution of the United States.

(E) The Plaintiff prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses;

(F) Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by struck jury of all issues in this Complaint.

Respectfully Submitted,

/s/ Marquie Young

Marquie Young (BPR035673)
*Attorney for Peggy Brown*

**OF COUNSEL: HUMBLE LAW, LLC**
1033 Demonbreun Street, Suite 300
Nashville, Tennessee 37203
Phone: (615) 800-3041
Fax: (205) 358-3033

11

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**

**ELECTROLUX HOME PRODUCTS, INC.**
**Tennessee Registered Agent: CT Corporation System**
300 Montvue Rd.
Knoxville, Tennessee 37919-5546


COUNSEL  *Maggie Young*