# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PEGGY BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC.,<br><br>    Defendant. | Case No. 3:18-cv-00704<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE FRENSLEY |

## MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment. (Doc. No. 19). Plaintiff filed a response (Doc. No. 25) and Defendant filed a reply (Doc. No. 28). For the reasons discussed below, Defendant's Motion for Summary Judgment (Doc. No. 19) is **GRANTED**.

## I. BACKGROUND

On July 30, 2018, Plaintiff Peggy Brown filed a Complaint against her former employer, Electrolux Home Products, Inc. ("Elextrolux") alleging violations of the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the Family Medical Leave Act. (Compl., Doc. No. 1). Plaintiff filed an EEOC charge on April 3, 2018, and received a Notice of Right to Sue on May 2, 2018. (*See* EEOC Charge, Doc. No. 1-2; Notice, Doc. No. 103).

At the time Plaintiff filed the EEOC charge, she had a pending Chapter 13 bankruptcy petition. (Bankruptcy Petition, Doc. No. 19-3 (Case No. 3:15-bk-08511, filed on Nov. 15, 2015). On June 11, 2018, the Chapter 13 bankruptcy petition was voluntarily dismissed so that her bankruptcy case could be converted to Chapter 7 on that same date. (Order of Dismissal, Doc. No. 19-4); *In re Peggy Marie Brown*, Case No. 3:18bk03895 (Bankr. M.D. Tenn., filed Jun. 11, 2018) (Chapter 7 petition). Plaintiff did not list her EEOC Charge or her potential claims against

Electrolux as assets in either bankruptcy petition. She did, however, identify a personal injury dispute, which was settled by the bankruptcy trustee. (*See* Trustee Final Rept., Doc. No. 19-7). The Chapter 7 bankruptcy was discharged on December 7, 2019 (Doc. No. 19-8), the trustee filed a final report on March 11, 2019 (Doc. No. 19-7); and the case was closed on December 19, 2019. *See In re Peggy Marie Brown*, Case No. 18bk03895 (Bankr. M.D. Tenn., filed Jun. 11, 2018).

On April 2, 2019, Defendant filed the instant motion for summary judgment asserting Plaintiff is judicially estopped from pursuing her claims in this case because she failed to disclose them during bankruptcy proceedings. The same day, Plaintiff filed an amended bankruptcy schedule to identify the employment action against Electrolux. (Doc. No. 25-3). The amendment stated the case name and number, the name of Plaintiff's attorney, and a value of "unknown." (*Id.*).

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's claims. *Id.*

In evaluating a motion for summary judgment, the Court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence,

judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence from which the jury could reasonably find for the nonmoving party. *Rodgers* 344 F.3d at 595.

## III. ANALYSIS

"The doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'" *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (citation omitted). The Sixth Circuit has explained, "judicial estoppel [is] a rule against 'playing fast and loose with the courts,' 'blowing hot and cold as the occasion demands,' or 'having [one's] cake and eating it too.'" *Id*. (quoting *Reynolds v. Comm'r*, 861 F.2d 469, 472 (6th Cir. 1988)). Judicial estoppel, however, is an equitable remedy that should be "applied with caution to avoid impinging on the truth-seeking function of the court." *Eubanks v. CBSK Fin. Grp., Inc*., 385 F.3d 894, 899 (6th Cir. 2004).

A debtor has an affirmative duty to disclose all of her assets to the bankruptcy court. 11 U.S.C. § 521(a)(1). "[D]isclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge." *Lewis v. Weyerhaeuser*, 141 F. App'x 420, 424 (6th Cir. 2005). The doctrine of judicial estoppel bars claims not disclosed in prior bankruptcy proceedings where (1) the debtor assumes a position contrary to the one asserted under oath while in bankruptcy; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as a part of final

3

disposition; and (3) the debtor's omission did not result from mistake or in advertence. *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 478 (6th Cir. 2010).

Plaintiff does not dispute that by filing this case she has taken a position contrary to the one asserted under oath in the bankruptcy proceedings or that the bankruptcy court adopted her position. Plaintiff argues, however, that her failure to include the claims asserted here in her bankruptcy petition was due to a mistaken understanding that only claims that were "near resolution" or had a "certainty of monetary return" were required to be disclosed. (Pl. Aff., Doc. No. 25-2, ¶ 10). She claims she "shared" the information of her EEOC charge and the EEOC's determination with her bankruptcy attorney and the attorney informed her she had "no case." (*Id*. at ¶¶ 8-9).

The circumstances in which a debtor's failure to disclose information to a bankruptcy court might be deemed the result of mistake or inadvertence are: (1) where a debtor lacks knowledge of the factual basis of the undisclosed claims; (2) where the debtor has no motive for concealment; and (3) where the evidence indicates a lack of bad faith. *White*, 617 F.3d at 478. It is undisputed that Plaintiff had notice of the factual basis of her claims. She filed an EEOC charge and, on May 2, 2018, received a letter notifying her of her right to sue in Federal District Court. (EEOC Letter, Doc. No. 25-1). Plaintiff does, however, contest the remaining elements – motive to conceal and bad faith.

Courts generally consider that any Plaintiff who fails to disclose claims in bankruptcy has a motive for concealment: if the claim becomes part of the bankruptcy estate, then the proceeds could go toward paying her creditors, rather than going directly to the plaintiff. *See White*, 617 F.3d at 479; *Weyerhaeuser*, 141 F. App'x at 426 ("[i]t is always in a Chapter 13 petitioner's interest to minimize income and assets"); *Southall v. USF Holland, Inc.*, No. 3:15-cv-1266, 2018 WL

4

6413651, at * 3 (M.D. Tenn. Dec. 5, 2018); (*see also*, Pl. Br., Doc. No. 25 at 8 ("a motive to conceal is generally presumed in such cases")). Plaintiff, however, contends that she had no motive to conceal her potential claim because the amount of offset in her bankruptcy action was less than $3,500. (Pl. Br., Doc. No. 25 at 8). Plaintiff asserts that, because her creditors were "essentially 'paid off,'" she had no motive to conceal the instant action from the bankruptcy trustee. (*Id.*). Plaintiff does not cite to any case where the court found an absence of motive based on the value of the bankruptcy estate. That the amount remaining to be paid to creditors is relatively small does not equate to absence of motive. Accordingly, Defendants have established that Plaintiff had motive, albeit not a strong one, to conceal her claim so that any recovery would be hers and not part of the bankruptcy estate.

The first two elements having been established, the only remaining question is whether Plaintiff has demonstrated a lack of bad faith. It is the Plaintiff's burden to come forward with affirmative evidence establishing "absence of bad faith." *White*, 617 F.3d at 478, n. 4.

Bankruptcy debtors have a continuing obligation to disclose potential claims in the bankruptcy proceeding. *Id*. at 479, n. 5. ("The duty of disclosure in a bankruptcy proceeding is a continuing one, and a debtor is required to disclose all potential causes of action."); *Weyerhaeuser*, 141 F. App'x at 424 ("It is well-settled that a cause of action is an asset that must be scheduled under [11 U.S.C. § 521]."). In light of her ongoing duty to disclose, Plaintiff may show an absence of bad faith by pointing to evidence "showing her attempt to correct her initial omission." *White*, 617 F.3d at 480; *see also*, *Kimberlin v. Dollar Gen. Corp*., 520 F. App'x 312, 315 (6th Cir. 2013) ("Though we view the record in the light most favorable to [the plaintiff], this court's 'absence of bad faith' inquiry focuses on affirmative actions taken by the debtor to notify the trustee or

bankruptcy court of an omitted claim."). In this regard, court must consider the timing, extent, and effectiveness of the efforts to correct the omission. *White*, 617 F.3d at 480.

Plaintiff submits the following evidence to show lack of bad faith on her part: (1) she misunderstood what claims needed to be disclosed in her bankruptcy petition (Pl. Aff., Doc. No. 25-2, ¶ 10); (2) she shared the information of the EEOC charge with her bankruptcy attorney and he informed her she had "no case"[1] (*id*., ¶¶ 8, 9); and (3) she amended the bankruptcy schedule to include this claim as soon as she was aware it should have been included – after Defendant filed the motion for summary judgment (*id*., ¶ 18).

Defendant argues that the plain language of the bankruptcy petition weighs in favor of finding bad faith. The petition instructed Plaintiff to list "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment," and specifically gave an example of "employment disputes." The petition also instructed her to list "all matters," within one year of the filing of the petition, in which she was a party to "any lawsuit, court action, or administrative proceeding." Moreover, Defendant argues Plaintiff has offered no explanation for her "understanding" of what claims should have been included and her recounting of her communications with her bankruptcy attorney that she had "no claim" do not provide any context for their discussion. For example, Plaintiff does not aver bankruptcy counsel instructed her to omit the claim from her schedule of assets.

The Sixth Circuit considered a similar situation in *White*, 617 F.3d at 483-84. In that case the plaintiff had not disclosed a claim in a bankruptcy proceeding and submitted an affidavit from

---

[1] Plaintiff repeatedly argues that her claims in this case were not "near resolution or had a certainty of monetary return." Plaintiff does not provide any legal authority suggesting that this is the applicable legal standard, and the Court is unaware of such authority. Presumably, Plaintiff concluded she was entitled to "monetary return" when the filed this action on July 30, 2018, thus Plaintiff's proposed, unsupported legal standard fails after that date.

bankruptcy counsel indicating that she informed him of the claim and did not attempt to conceal the information. *Id*. at 484. White's bankruptcy attorney said he was "unsure" why the claim was not included, to which in the court's view left open the possibility that the omission was attributable to the plaintiff. *Id*. The court noted that the plaintiff had not "provided an affidavit (or other information) clarifying her understanding of the situation or explaining what she discussed with her lawyer, or why the lawsuit was not included in her initial bankruptcy filings," and that it was unclear whether her attorney was responsible for the omission. *Id*. Ultimately, in *White*, the court found the plaintiff had not shown a lack of bad faith and estopped her from bringing the claims omitted from the bankruptcy proceeding.

Here, Plaintiff did not provide a statement from her attorney, but submitted her own affidavit, which offers only a skeletal explanation of the decision not to include the potential claims against Electrolux. She provides no explanation for her misunderstanding about what claims should be included or information about discussions with her attorney regarding the decision not to include her EEOC complaint. (*See* Pl. Aff., Doc. No. 25-2). The affidavit does not even disclose which attorney told her she had "no case" (the first and second bankruptcy petitions were filed by different counsel). (*Id*., *also compare* Doc. No. 19-3 *with* Doc. No. 19-6). Moreover, Plaintiff has been represented by at least three attorneys during the course of the bankruptcy proceedings and this case. She could have asked any of them about her disclosure obligations if she did not understand the language in the petition. Tellingly, Plaintiff offers no explanation for her failure to amend the bankruptcy filing when she filed the instant action less than 20 days after filing her Chapter 7 bankruptcy petition. Surely, at the time the filed the complaint in this Court, Plaintiff knew that her case had some possibility of monetary return. By Plaintiff's "certainty" standard, a

claim would not need to be disclosed in bankruptcy until a settlement had been reached of a jury verdict rendered.

Nor were Plaintiff's disclosures, stating the value of the claims as "unknown", entirely effective. In *White*, the court found the plaintiff's eventual disclosures ineffective – she failed to identify whether she was the plaintiff or defendant or state the value of the suit. *White*, 617 F.3d at 481. Here, although Plaintiff included the case caption and the name of her attorney, which was more information than that provided in *White*, like White, she did not disclose the value of her claim. *Id*.; (Notice of Amendment, Doc. No. 25-3).

Even drawing all inferences in Plaintiff's favor, the timing of Plaintiff's amendment to the bankruptcy schedules weighs in favor of a finding of bad faith. Efforts that come before Defendant filed the motion for summary judgment are more important that efforts that came after the motion. *White*, 617 F.3d at 480 ("Allowing [a debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filing, only after his omission has been challenged by an adversary suggests that a debtor should consider disclosing potential assets only if he is caught concealing them.") (citing *Barger v. City of Cartersville*, 348 F.3d 1289, 1297 (11th Cir. 2003)). Plaintiff did not correct her omission until after Defendant filed the motion for summary judgment. (*See* Notice of Amendment, Doc. No. 25-3). By that time this case had been pending over eight months and almost a year had passed since Plaintiff filed the EEOC charge. Plaintiff argues that the bankruptcy claim remained open and the trustee could have made the decision to pursue the claim on behalf of the bankruptcy estate and chose not to do so. Her amendment at this point, however, was too little, too late. By this time, the bankruptcy court had already adopted the information contained in her bankruptcy petition, notified creditors, and discharged her debt. *See Browning v. Levy*, 283

F.3d 761, 775(6th Cir. 2002) (prior court need only adopt the contrary position either as preliminary matter or as part of a final disposition).

Whether Plaintiff's failure to include her claims against Electrolux at the outset or to amend her bankruptcy filings after this case has been filed resulted from bad faith attempt to conceal the claim or was merely the result of inadvertence or mistake is a close question. However, even construing the facts presented here in a light most favorable to Plaintiff, Plaintiff has not provided evidence sufficient to show a lack of bad faith on her part. All of the factors under Sixth Circuit authority for a determination of bad faith – timing, extent, and effectiveness – weigh against finding a lack of bad faith.

## IV. CONCLUSION

Judicial estoppel is utilized to preserve "the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *White*, 617 F.3d at 476 (citing *Browning*, 283 F.3d at 776. Though judicial estoppel may appear a harsh remedy, it is appropriate here.

For the reasons stated above, the Court finds that Plaintiff has failed to meet her burden of proving a lack of bad faith. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE